**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

v.

FRANCHESKA BRIZAN,
          *Defendant-Appellant*.

No. 11-10449

D.C. No.
1:06-CR-059-
AWI-008

OPINION

On Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted
January 14, 2013—San Francisco, California

Filed March 5, 2013

Before: A. Wallace Tashima and Susan P. Graber,
Circuit Judges, and Lynn Adelman,* District Judge.

Opinion by Judge Adelman

---

* The Honorable Lynn Adelman, United States District Judge for the Eastern District of Wisconsin sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel dismissed, as waived, an appeal from a conviction by guilty plea to misprision of a felony in a case in which the defendant argued that the district court should have allowed her to withdraw her guilty plea because the charge violated her Fifth Amendment privilege against self-incrimination, the information failed to allege an essential element of misprision, and the plea lacked an adequate factual basis.

The panel enforced the waiver of the right to appeal in the plea agreement where the district court conducted a thorough Fed. R. Crim. P. 11 colloquy, which included an admonishment regarding the appeal waiver and ensured that the plea was knowing and voluntary, and where the sentence did not contradict the agreement or exceed statutory limits.

The panel wrote that to the extent that a constitutional claim of the sort the defendant raises could survive a waiver, it found no merit in the argument that the misprision charge violated her Fifth Amendment rights. The panel wrote that the defendant waived her right to raise a Fifth Amendment defense to the misprision charge by pleading guilty, and agreed with the First and Fifth Circuits that there is no constitutional impediment to a defendant, implicated in the underlying felony, waiving her Fifth Amendment privilege and voluntarily pleading guilty to a misprision count.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel declined to entertain the defendant's ineffective assistance of counsel claim on direct appeal.

## COUNSEL

William Mallory Kent, The Law Office of William Mallory Kent, Jacksonville, Florida, for Defendant-Appellant.

Karen A. Escobar, Assistant U.S. Attorney, Fresno, California, for Plaintiff-Appellee.

## OPINION

ADELMAN, District Judge:

A grand jury indicted Francheska Brizan, her husband, and others on charges of conspiring to distribute 5 kilograms or more of cocaine and attempted possession with intent to distribute 500 grams or more of cocaine. After extensive pre-trial proceedings, Brizan entered into a plea agreement with the government. Pursuant to the agreement, she pleaded guilty to an information charging misprision of a felony, in violation of 18 U.S.C. § 4, based on her concealment and failure to notify authorities of her husband's drug trafficking activities. The plea agreement contained a waiver of Brizan's right to appeal her conviction or sentence. Represented by new counsel, Brizan later moved to withdraw her plea and dismiss the information as defective. The district court denied the motion, then imposed a below-guideline sentence of four months' imprisonment followed by one year of supervised release.

Brizan appeals, arguing that the district court should have allowed her to withdraw her plea because the misprision charge violated her Fifth Amendment privilege against self-incrimination, the information failed to allege an essential element of misprision, and the plea lacked an adequate factual basis. Because Brizan cannot overcome the appeal waiver contained in her plea agreement, we dismiss her appeal.

"We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). We decline to enforce an appeal waiver only if the district court failed to comply with Federal Rule of Criminal Procedure 11, the court informed the defendant that she retained the right to appeal, the sentence did not comport with the terms of the plea agreement, or the sentence violated the law. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). None of these exceptions applies here. The district court conducted a thorough Rule 11 colloquy, which included an admonishment regarding the appeal waiver,[1] ensuring that the plea was knowing and voluntary, and Brizan's sentence did not contradict the agreement or exceed statutory limits.

To the extent that a constitutional claim of the sort Brizan raises could survive an appeal waiver, *see United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986) (stating that an "illegal" sentence includes a sentence in excess of the permissible statutory penalty or in violation of the

---

[1] The district court initially did not see the waiver provision. However, after the Assistant United States Attorney brought the provision to the court's attention, the court reviewed its terms with Brizan, confirming that she understood and waived her appellate rights.

Constitution), we find no merit in Brizan's argument that the misprision charge violated her Fifth Amendment rights. We have held that a misprision charge would be unconstitutional under the Fifth Amendment if, and to the extent, it required a defendant to report her own criminal conduct to the authorities. *United States v. King*, 402 F.2d 694, 697 (9th Cir. 1968); *see also United States v. Pigott*, 453 F.2d 419, 419 (9th Cir. 1971) (per curiam).

However, Brizan waived her right to raise a Fifth Amendment defense to the misprision charge by pleading guilty. An unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea. *E.g.*, *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam); *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). We agree with our colleagues in the First and Fifth Circuits that there is no constitutional impediment to a defendant, implicated in the underlying felony, waiving her Fifth Amendment privilege and voluntarily pleading guilty to a misprision count. *See, e.g.*, *United States v. Caraballo-Rodriguez*, 480 F.3d 62, 72 n.7 (1st Cir. 2007); *United States v. Mizell*, 88 F.3d 288, 296 (5th Cir. 1996); *United States v. Davila*, 698 F.2d 715, 719 (5th Cir. 1983).

Brizan's appeal accordingly must be dismissed pursuant to the waiver. *See Rahman*, 642 F.3d at 1260. Brizan suggests that her lawyer provided ineffective assistance of counsel in connection with the plea, but we decline to address that issue on direct appeal. Brizan may raise such a claim in a collateral proceeding, where a complete record can be developed. *See id.* at 1259–60 (declining to consider ineffective assistance on appeal but leaving open the

possibility of such a claim in a subsequent collateral attack); *see also Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a collateral attack is unenforceable with respect to an ineffective assistance claim that challenges the voluntariness of the waiver). Because we must dismiss this appeal, we do not reach the merits of Brizan's remaining contentions.

**DISMISSED.**