**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30263 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00023-SEH |
| v. |  |
| MICHAEL ANTHONY ERVIN, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 23, 2014**

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Michael Anthony Ervin appeals from the district court's judgment and

challenges his guilty-plea conviction and 148-month sentence for distribution of

hydrocodone, in violation of 21 U.S.C. § 841(a)(1).  Pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967), Ervin's counsel has filed a brief stating that there

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

are no grounds for relief, along with a motion to withdraw as counsel of record. Ervin has filed a pro se supplemental brief. The government has not filed an answering brief.

Ervin waived his right to appeal the reasonableness of his sentence, as well as the district court's ruling on the government's motion under U.S.S.G. § 5K1.1. Because the record discloses no arguable issue as to the validity of the waiver, we dismiss Ervin's appeal as to those two issues. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to Ervin's conviction or any remaining aspect of the sentence. We, therefore, affirm as to those issues.

In his pro se brief, Ervin argues that counsel's performance was constitutionally deficient. Although this claim is not waived, we decline to entertain it on direct appeal because it appears to require development of the record. *See United States v. Brizan*, 709 F.3d 864, 867 (9th Cir.), *cert. denied*, 134 S. Ct. 151 (2013). Ervin may pursue the claim by way of a motion under 28 U.S.C. § 2255. *See id.*

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**