NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,
       Plaintiff - Appellee,

  v.

AHMED SARCHIL KAZZAZ
       Defendant - Appellant.

No. 12-50532

D.C. No. 2:12-cr-00348-RGK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

Before: BERZON and CLIFTON, Circuit Judges, and
ROSENTHAL, District Judge.[**]

Ahmed Sarchil Kazzaz pleaded guilty to an indictment charging him with

one count of conspiracy to defraud and to commit offenses against the United

States, six counts of paying kickbacks to a government contractor's employees to

obtain subcontracts and renewals, one count of wire fraud, and four counts of mail

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
        **     The Hon. Lee H. Rosenthal, of the United States District Court for the
Southern District of Texas, sitting by designation.

fraud. In this appeal, Kazzaz asserts that the District Court erred in finding that his plea satisfied the Federal Rule of Criminal Procedure 11(b)(3) requirement for a factual basis.

The government urges that Kazzaz's appellate waiver forecloses the arguments he makes on appeal. But neither an appellate waiver nor a guilty plea precludes an appeal if the plea is not taken in accordance with Federal Rule of Criminal Procedure 11. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (citing *United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999)); *see also United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013).

We review unpreserved Rule 11 challenges for plain error. *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061 (9th Cir. 2011) (citing *United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006)). Our review satisfies us that the record provided a sufficient factual basis for the plea, and we affirm. We need not, and do not, address whether the challenges Kazzaz raises are proper under Rule 11 after a guilty plea and appeal waiver.

A.    **Extraterritoriality**

Kazzaz argues that the presumption against the extraterritorial application of criminal statutes applies under *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010), and that the record, including the facts that he stipulated to in his plea agreement, do not show the required domestic nexus.

Because the stipulated facts show a sufficient domestic nexus with the United States for the mail-fraud and wire-fraud counts, we need not address whether these statutes have extraterritorial application. The "elements of mail fraud under 18 U.S.C. § 1341 are: (1) the existence of a scheme to defraud, and (2) using or causing the use of the mails to further the scheme." *United States v. Serang*, 156 F.3d 910, 914 (9th Cir. 1998). The mail-fraud statute "forbid[s] and mak[es] criminal any use of the mails for the purpose of executing [a] scheme to defraud or to obtain money by false representations." *Parr v. United States*, 363 U.S. 370, 389 (1960) (internal quotation marks omitted, last alteration in original). The elements of wire fraud are similar: "(1) a scheme to defraud, (2) use of the wires in furtherance of the scheme and (3) a specific intent to deceive or defraud." *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001). As with the mail-fraud statute, the focus "is upon the misuse of the instrumentality of communication." *Id.* (internal quotation marks omitted). Kazzaz stipulated to using the mails to send checks to Alabama and using electronic communications to transmit a payment to a bank in Alabama. These facts provide a sufficient domestic nexus for the mail- and wire-fraud claims.

As to the Anti-Kickback Act and conspiracy-to-defraud counts, "in *United States v. Bowman*, 260 U.S. 94, 98 . . . (1922), the Supreme Court held that the

territorial presumption does not govern the interpretation of criminal statutes that, by their nature, implicate the legitimate interests of the United States abroad." *United States v. Corey*, 232 F.3d 1166, 1170 (9th Cir. 2000); *see also United States v. Felix-Gutierrez*, 940 F.2d 1200, 1204 (9th Cir. 1991). The Anti-Kickback Act and 18 U.S.C. § 371 by their nature implicate the legitimate interests of the United States. *See United States v. Cotten*, 471 F.2d 744, 750 (9th Cir. 1973).

Kazzaz's Rule 11(b)(3) argument based on the presumption against the extraterritorial application of the criminal statutes fails.

## B.     Fraud

Kazzaz also argues that the stipulated facts do not show "traditional" money or property fraud. The fraud statutes cover "individuals who retain or misappropriate the money or property of others, regardless of how they acquired it." *United States v. Jones*, 472 F.3d 1136, 1139 (9th Cir. 2007). Kazzaz argues that the stipulated facts do not show that the kickback payments caused a loss to the United States, because he made the payments from money he received under the subcontracts or from his own funds. He argues that the United States paid the stated contract price and was not deceived into paying more because of the kickbacks.

Kazzaz, however, pleaded guilty to the allegations in the indictment, including the allegations charging him with defrauding the United States because

the kickbacks "inflat[ed] the cost of these subcontracts and funding increases," causing losses. The record shows almost $1 million paid as kickbacks, corrupting the contracting process, including the contract prices, and causing loss to the United States.

Had Kazzaz continued to plead not guilty and gone to trial, he could have argued that the facts support competing "innocent" inferences that a jury might have credited. But he pleaded guilty, stipulated to the factual basis for his fraud and conspiracy-to-defraud convictions, and stated that the stipulated facts satisfied the elements of the offenses. The record and stipulation provide a sufficient factual basis for those convictions. Contrary to Kazzaz's argument, the same facts may support both an honest-services fraud and traditional-fraud conviction. *United States v. Avery*, 719 F.3d 1080, 1085 n.3 (9th Cir. 2013) (citing *United States v. Pelisamen*, 641 F.3d 399, 406 (9th Cir. 2011)). Rule 11(b)(3) is satisfied.

The District Court met its Rule 11 obligations and properly accepted Kazzaz's guilty plea. Even assuming, without deciding, that Kazzaz properly raised the Rule 11 challenges, they provide no basis to vacate the convictions. We **AFFIRM**.