**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KENNETH LAMAR SPRATT, a.k.a. Ken Sparks, <br><br> Defendant - Appellant. | No. 13-50254 <br><br> D.C. No. 2:11-cr-00859-GAF-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted May 4, 2015**
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Kenneth Lamar Spratt pleaded guilty to conspiracy to distribute cocaine and

marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).  We have

jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** Spratt's plea agreement contains a general waiver of his right to appeal his conviction and sentence. This waiver covers the grounds for this appeal, including Spratt's appeal from the district court's denial of his motion to withdraw his guilty plea, *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011), and Spratt's challenges to his sentence.

**2.** "The record shows that [Spratt] waived his appellate rights knowingly and voluntarily," *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009), and we are satisfied that the district court complied with Rule 11 when it accepted Spratt's guilty plea, *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). And although the district court and the government made minor errors during the colloquy, those errors do not require reversal because they did not affect Spratt's substantial rights. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

**3.** Finally, we do not consider Spratt's argument that his counsel was ineffective because, "[a]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *Rahman*, 642 F.3d at 1259 (quoting *Jeronimo*, 398 F.3d at 1155) (internal quotation marks omitted); *see also United States v. Brizan*, 709 F.3d 864, 867 (9th Cir. 2013).

**DISMISSED.**