**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30098 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00100-PA |
| v. | |
| CHRIS DARRELL JOSEPH SAGE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Chris Darrell Joseph Sage appeals his guilty-plea conviction and 240-month

sentence for being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1), and possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  We dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sage pled guilty pursuant to a written plea agreement, which contained an appeal waiver. Sage argues the appeal waiver is unenforceable because his guilty plea was involuntary, based on the alleged abusive conduct of his attorney. Sage's allegations of misconduct by his attorney, as described in two letters and two pre-plea hearings, do not establish that Sage was coerced into entering a guilty plea. To the contrary, Sage confirmed at his plea hearing that his guilty plea was not "the result of force, threat or intimidation by anyone." We give considerable weight to Sage's confirmation on this point as we have previously explained that "[s]olemn declarations in open court carry a strong presumption of verity." *Doe v. Woodford*, 508 F.3d 563, 571 (9th Cir. 2007) (internal quotations omitted). Moreover, the district court appointed another lawyer to give Sage a second opinion. On this record, we conclude the appeal waiver is valid and enforceable. *See United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir. 2013).

**DISMISSED.**