**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO QUEZADA-LOPEZ, AKA
Cheche, AKA Sergio Quezada-Lopez,

Defendant - Appellant.

No. 15-30140

D.C. No. 3:12-cr-00228-SI-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 4, 2016[**]
Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Sergio Quezada-Lopez appeals his conviction by guilty plea to conspiracy to

distribute more than one kilogram of heroin, causing the death of a specific named

person, and for illegal reentry. Quezada-Lopez claims his guilty plea was not

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

voluntary and that the district court failed to fulfill its duty under Federal Rule of Criminal Procedure 11(b) by not conducting a more searching inquiry into his understanding of the plea agreement and his relationship with court-assigned counsel. We dismiss the appeal.

Although Quezada-Lopez waived his right to appeal his conviction and sentence in his plea agreement, we will not enforce the appellate waiver "if the district court failed to comply with Federal Rule of Criminal Procedure 11." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013). We review the alleged error, raised for the first time on appeal, under the plain-error standard. *See United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015).

The district court properly determined that Quezada-Lopez's plea was "voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). The district court took numerous steps to ensure that Quezada-Lopez's plea was informed and voluntary, including giving Quezada-Lopez extra time to speak to his attorney privately and to review the evidence. The court also went through each line of the plea agreement to confirm that Quezada-Lopez fully understood the terms. The court confirmed that all of the relevant documents had been translated and read to Quezada-Lopez in

Spanish.  And, the court confirmed that Quezada-Lopez understood the charges and the parties' agreement to seek a sentence in the 10-to-17 year range.

Quezada-Lopez cannot show that "but for the [claimed] error, he would not have entered the plea." *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015) (citation omitted).  In his *pro se* submissions to the court and in his letter to the United States District Attorney's Office, Quezada-Lopez repeatedly emphasized that he wanted to plead guilty and did not want to proceed to trial.  Quezada-Lopez's main complaint against his attorney was the attorney's alleged failure to "seek out and present" a "plea of any kind."  But, Quezada-Lopez's plea deal removed the 20-year mandatory minimum sentence he would have faced at trial.  Quezada-Lopez points to no evidence suggesting he could have obtained a more favorable deal or that he would have proceeded to trial if the court had asked him additional questions or appointed another attorney.

Because the district court amply complied with its duties under Rule 11, we enforce the appellate waiver and dismiss Quezada-Lopez's appeal.

**DISMISSED.**