**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>APOLINAR CRUZ-CRUZ, a.k.a. Poli,<br><br>Defendant-Appellant. | No. 15-30276<br><br>D.C. No. 2:13-cr-00049-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Apolinar Cruz-Cruz appeals from the district court's judgment and

challenges the denial of his motion to withdraw his guilty plea.  We have

jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The government argues that this appeal should be dismissed based on the appeal waiver contained in the parties' plea agreement. Because the magistrate judge only advised Cruz-Cruz of the waiver of his right to appeal his sentence, not the waiver of his right to appeal his conviction, we conclude that this appeal is not barred by the appeal waiver. *See* Fed. R. Crim. P. 11(b)(1)(N); *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013).

Cruz-Cruz contends that the district court erred in determining that his allegations of legal advice during plea negotiations did not constitute a "fair and just reason" for withdrawing his guilty plea. We disagree. Cruz-Cruz was aware of the allegedly deficient legal advice at the time of his guilty plea. *See United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010) ("We have never held that [Federal Rule of Criminal Procedure 11(d)(2)(B)] also embraces circumstances known to a defendant at the time of the guilty plea, and we decline to do so now."). Further, Cruz-Cruz failed to demonstrate that different legal advice plausibly would have motivated a reasonable person in his position not to plead guilty. *See United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011).

We reject Cruz-Cruz's argument, raised for the first time on appeal, that the district court plainly erred in not allowing him to withdraw his guilty plea on the basis of a Rule 11 error during the plea colloquy. *See United States v. Jimenez-*

*Dominguez*, 296 F.3d 863, 866-67 (9th Cir. 2002) (a defendant raising a Rule 11 error for the first time on appeal must demonstrate plain error, including that any error affected his substantial rights).

**AFFIRMED.**