**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GREGORY SILVEIRA, AKA Gordon Michaels,<br><br>Defendant-Appellant. | No.   16-50223<br><br>D.C. No.<br>5:15-cr-00036-VAP-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted August 7, 2017[**]
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

Gregory Silveira ("Silveira") appeals from the District Court's denial of his motion to withdraw his guilty pleas and his subsequent motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Pursuant to his pre-indictment plea agreement, Silveira "waiv[ed] and g[ave] up any right to appeal [his] convictions on the offenses to which [he] . . . plead[ed] guilty." "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted). We will decline to enforce a waiver meeting the preceding requirements "only if the district court failed to comply with Federal Rule of Criminal Procedure 11, the court informed the defendant that she retained the right to appeal, the sentence did not comport with the terms of the plea agreement, or the sentence violated the law." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013).

Silveira's waiver meets the requirements for enforcement. First, Silveira's waiver is sufficiently broad to cover this appeal. *See, e.g.*, *Brizan*, 709 F.3d at 866 ("We have consistently read general waivers of the right to appeal to cover all

_____

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

appeals, even an appeal from the denial of a motion to withdraw a guilty plea." (citation omitted)). Second, on its face, the transcript from Silveira's plea hearing indicates that Silveira knowingly and voluntarily agreed to plead guilty and waive his appellate rights. *See United States v. Jeronimo*, 398 F.3d 1149, 1157 n.5 (9th Cir. 2005) (assessing whether a waiver was knowingly and voluntarily made by looking at the plea-hearing transcript), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Silveira's arguments against enforcement of his appeal waiver—his plea hearing violated Rule 11and he received ineffective assistance of counsel—are not persuasive. Contrary to his claim otherwise, Silveira's plea hearing complied with Rule 11's requirement that there be an adequate factual basis for a defendant's plea. When determining if Rule 11 is satisfied, we "review only the record of the plea proceeding." *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999). The offense that Silveira pleaded guilty to, 18 U.S.C. § 1956, requires that the defendant have: "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction to promote the illegal activity." *United States v. Webster*, 623 F.3d 901, 908 (9th Cir. 2010) (citation and omission in original omitted). At the plea hearing, Silveira agreed that he had: (1) "participated

3

in the operation of an illegal gambling operation"; (2) accepted $ 2.75 million from a "gambling client"; (3) knew that the accepted money "represented proceeds from [an] illegal sports betting" business in which he participated; (4) transferred portions of the accepted money on three occasions; and (5) "initiated these three transfers with the intent to promote the carrying on of an illegal gambling operation, in violation of 18 U.S.C. § 1955." This constitutes a sufficient factual basis for Silveira's pleas.

Finally, we review ineffective-assistance-of-counsel claims "on direct appeal only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Rahman*, 642 F.3d at 1259–60. Here, neither of these requirements are met. Furthermore, to the extent Silveira requests that we remand this case to the district court for further development of the record, we deny it, as "we will not remand a case from direct appeal for fact-finding related to an ineffective assistance of counsel claim, but allow a defendant to pursue the issue in district court collateral proceedings." *Jeronimo*, 398 F.3d at 1156 (citation omitted). Accordingly, Silveira's appeal is **Dismissed**.

4