**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10372 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00018-FMTG-1 |
| v. | |
| JAYVIN WYELL UEDA REMOKET, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted February 15, 2019[**]
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Jayvin Remoket was sentenced to 168 months of imprisonment after he pled

guilty to one count of conspiracy to distribute methamphetamine in violation of 21

U.S.C. §§ 841(a)(1) and 846 (Count 1), and one count of giving advance notice of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a search or seizure in violation of 18 U.S.C. § 2232(c) (Count 2). In this appeal, Remoket challenges his conviction with respect to Count 2 as well as his sentence. We dismiss in part and affirm in part.

1. Remoket first challenges his conviction with respect to Count 2, giving advance notice of a search or seizure in violation of 18 U.S.C. § 2232(c). The government contends that this challenge is foreclosed by the appeal waiver in Remoket's plea agreement. Generally, an appeal waiver in a plea agreement will preclude an appeal unless, among other exceptions, "the district court failed to comply with Federal Rule of Criminal Procedure 11." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013) (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)). Invoking this exception, Remoket tries to avoid his appeal waiver by arguing that the district court entered his plea of guilty for Count 2 without a "factual basis." Fed. R. Crim. P. 11(b)(3).

We review Remoket's unpreserved Rule 11(b)(3) challenge for plain error, *see United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005), and find no plain error here. The record contains a sufficient factual basis to support Remoket's guilty plea for Count 2. First, there is a factual basis for the conclusion that Remoket acted "in order to prevent the authorized seizing or securing of any person or property." 18 U.S.C. § 2232(c). In instructing his uncle during the

2

controlled delivery to decline the package of drugs and return it to the post office, Remoket acted in order to prevent law enforcement officers from seizing the opened package from his uncle—i.e., the "seizing" of "property" that was "authorized" by (and indeed the primary purpose of) the controlled delivery operation. *Id.* Additionally, Remoket concedes that he acted in order to prevent the arrest of his uncle during the controlled delivery—i.e., the "seizing" of a "person" that would have been "authorized" by probable cause had Remoket not interfered. *Id.*

Second, there is a factual basis for the conclusion that Remoket's conduct constituted "giv[ing] notice or attempt[ing] to give notice in advance of the search [or] seizure." *Id.* Remoket sent several messages in advance of the controlled delivery to notify the recipients that law enforcement was monitoring the situation. And although his messages did not use the specific words "search" or "seizure," nothing in the statute requires such specificity.

We thus conclude that the district court did not plainly error in finding that Remoket's plea of guilty for Count 2 was supported by a "factual basis." Fed. R. Crim. P. 11(b)(3). Accordingly, we dismiss Remoket's appeal of his conviction, as it is precluded by the appeal waiver in his plea agreement. *See Brizan*, 709 F.3d at 867.

3

2.  Remoket next challenges his sentence, arguing that the district court violated his due process rights at sentencing by finding that Remoket endangered his fellow officers by interfering with the controlled delivery while armed with his service weapon.  We review Remoket's unpreserved sentencing challenge for plain error, *see United States v. Vanderwerfhorst*, 576 F.3d 929, 934 (9th Cir. 2009), and again find no plain error here.  First, the district court did not rely on "false or unreliable" information, *id.* at 936; rather, the court relied on the testimony of one of Remoket's fellow officers.  Second, Remoket's sentence was based on a variety of factors and not confined "to any one specific piece of information or assumption"; thus, any error in the court's statement "fall[s] well short of the plain error standard."  *Id.* at 937.  We therefore affirm Remoket's sentence.

**DISMISSED IN PART, AFFIRMED IN PART.**