**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10153 |
| Plaintiff-Appellee, | D.C. No.<br>1:12-cr-01133-LEK-1 |
| v. | |
| MARC HUBBARD, | MEMORANDUM<br>and ORDER[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 24, 2019[**]
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

The issue raised in this appeal is whether the district court properly denied

Marc Hubbard's motion to withdraw his guilty plea, which asserts that his plea was

not knowingly and voluntarily made.  Hubbard pleaded guilty pursuant to a plea

agreement in which he waived the right to appeal, with two exceptions not relevant

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

here. The government asks us to enforce the appeal waiver. Before doing so, we must determine whether the appeal waiver is valid, and that determination turns on whether Hubbard's guilty plea is valid. So notwithstanding the appeal waiver, we must decide whether Hubbard presented the district court with a "fair and just reason" to withdraw his plea. Fed. R. Crim. P. 11(d)(2)(B).

**1.** Hubbard first contends that he should have been permitted to withdraw his guilty plea because it was the product of coercion. Specifically, he testified that the mob threatened to harm or kill him and his family if he cooperated with the government. He further testified that federal prosecutors threatened to reveal his cooperation to the mob unless he agreed to plead guilty.

The district court did not clearly err by finding Hubbard's testimony not credible. Hubbard pleaded guilty on October 4, 2016. By his own account, Hubbard knew no later than October 11, 2016, that the mob had learned about his cooperation with the government. From that point forward, no threat could have prevented Hubbard from moving to withdraw his plea, for his fear of exposure had already come to fruition. Yet he waited until the eve of his sentencing hearing, more than 16 months later, before moving to withdraw his plea, without offering any convincing explanation for the delay. Given those facts, the district court was understandably skeptical about the truthfulness of Hubbard's coercion testimony. *See United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003). The court

confirmed that it found Hubbard's story not credible when, at sentencing, it imposed an enhancement for obstruction of justice on the basis of Hubbard's materially false testimony during the hearing on the motion to withdraw his guilty plea. We see no basis to disturb the district court's conclusion that Hubbard failed to show a "fair and just reason" for withdrawing his guilty plea based on alleged coercion.

**2.** Hubbard next contends that he should have been permitted to withdraw his guilty plea because the district court failed to advise him during the plea colloquy that he would have no right to withdraw his plea if the court decided not to follow the plea agreement's sentencing recommendation. *See* Fed. R. Crim. P. 11(c)(3)(B). We find no error on this score, plain or otherwise. The district court fulfilled the duty imposed by Rule 11(c)(3)(B) when it explained: "If the sentence is more severe than you expected, you will still be bound by your plea. Even if you don't like the sentence I impose, you won't be able to take back your guilty plea at that point." The court was not required to read a word-for-word script in advising Hubbard of his inability to withdraw his plea, and the advisement the court gave adequately conveyed the substance of what Rule 11(c)(3)(B) requires.

**3.** Because Hubbard has provided no basis for concluding that his guilty plea was invalid, the appeal waiver in his plea agreement is valid and enforceable.

We therefore dismiss this appeal.  *See United States v. Brizan*, 709 F.3d 864, 867 (9th Cir. 2013).

Hubbard's motion to strike the government's supplemental excerpts of record (Dkt. No. 30) is DENIED.  We have disregarded those portions of the government's supplemental excerpts that contain documents not part of the record in this case.

**DISMISSED.**