**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GREGORY SILVEIRA,
*Defendant-Appellant.*

No. 18-56509

D.C. Nos.
5:15-cr-00036-VAP
5:17-cv-02039-VAP

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Philips, Chief District Judge, Presiding

Argued and Submitted July 8, 2020
Pasadena, California

Filed May 13, 2021

Before: Bobby R. Baldock,[*] Marsha S. Berzon, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge Collins

---

[*] The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### 28 U.S.C. § 2255

The panel affirmed the district court's denial of Gregory Silveira's 28 U.S.C. § 2255 motion in which Silveira sought to vacate his conviction and sentence for money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), in a case in which the underlying specified unlawful activity was an illegal gambling operation in violation of 18 U.S.C. § 1955.

In his § 2255 motion, Silveira argued that, due to ineffective assistance of counsel, his guilty plea was not knowing and voluntary. Silveira averred that his counsel never discussed with him the meaning or definition of the word "proceeds," but simply told him that the funds he received from a gambler who was paying a gambling debt were tainted and that the transfer of those funds was money laundering. Silveira contended that this advice constituted ineffective assistance because, under a correct understanding of the elements of money laundering, the funds he received from the gambler did not constitute "proceeds" at the time Silveira received them. Silveira further contended that, for similar reasons, he did not have the requisite knowledge that the funds were "proceeds."

Reviewing de novo, the panel held that the district court correctly rejected Silveira's ineffective-assistance-of-counsel claim.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel wrote that by knowingly receiving the funds as a "conduit" from the gambler for forwarding to a bookmaking operation, Silveira thereby "conduct[ed] . . . part of an illegal gambling business" in violation of 18 U.S.C. § 1955(a).   The panel rejected Silveira's contention that because he was assertedly acting only as the agent of a bettor, he falls within the exception for a mere bettor.  The panel explained that where, as here, a person knowingly acts as a financial intermediary between the gambler and the bookmaker, he or she is not a mere bettor, but plays an integral part in the maintenance of illegal gambling and is therefore included within the scope of § 1955.

The panel explained that because Silveira violated § 1955(a) upon his unlawful receipt of the funds, they became property obtained through a violation of § 1955(a); that the funds were therefore "proceeds;" and that Silveira's subsequent transactions involving those proceeds constituted money laundering in violation of § 1956.

The panel concluded that even if Silveira's lawyer conducted an inadequate legal analysis and failed to properly explain "proceeds" to Silveira, there is no prejudice under *Strickland v. Washington* because Silveira did not show that the lawyer thereby overlooked a viable defense to the charges.

---

**COUNSEL**

James T. Duff (argued), Law Offices of James T. Duff, Los Angeles, California, for Defendant-Appellant.

Jerry C. Yang (argued), Deputy Chief, Riverside Branch Office; L. Ashley Aull, Chief, Criminal Appeals Section; Nicola T. Hanna, United States Attorney; United States Attorney's Office, Riverside, California; for Plaintiff-Appellee.

## OPINION

COLLINS, Circuit Judge:

Gregory Silveira appeals the denial of his motion under 28 U.S.C. § 2255, in which he sought to vacate his conviction and sentence for money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). In his § 2255 motion, Silveira argues that, due to ineffective assistance of counsel, his guilty plea was not knowing and voluntary. Finding that Silveira failed to make such a showing, the district court denied Silveira's motion. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

## I

In June 2015, Silveira pleaded guilty to three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). As set forth in the plea agreement and at the change-of-plea hearing, the factual basis for the plea was as follows. Since at least February 2010, Silveira "participated in the operation of an illegal gambling operation, which accepted and placed bets on sporting events." In late March 2010, Silveira received into one of his bank accounts a wire transfer of approximately $2.75 million that he then knew "represented proceeds from illegal sports betting, in violation of 18 U.S.C. § 1955." Specifically, Silveira knew that these "proceeds" had been "generated by the illegal sports betting business in which

defendant participated in." On March 29, he transferred those funds, in two transactions, into a second bank account that he controlled, and the next day, he transferred most of those funds from the second account into a third account that he also controlled. Silveira made these transfers "with the intent to promote the carrying on of an illegal gambling operation, in violation of 18 U.S.C. § 1955." After conducting a plea colloquy under Federal Rule of Criminal Procedure 11, the district court found that there was an adequate factual basis for the plea and that the plea was knowingly and voluntarily made.

Prior to sentencing, Silveira obtained new counsel and sought to withdraw his guilty plea on the grounds that his prior attorney had been ineffective and that the factual basis for the plea had been insufficient. The Government opposed the motion as legally and factually inadequate, and the district court denied the motion. Silveira moved for reconsideration, but the district court denied that motion as well. The district court sentenced Silveira to 12 months and one day in prison.

Silveira appealed the denial of his motions seeking to withdraw his guilty plea, but we dismissed the appeal in light of the appeal waiver contained in Silveira's plea agreement. *United States v. Silveira*, 695 F. App'x 215 (9th Cir. 2017). Although we recognized that an appeal waiver will not be enforced if, *inter alia*, the plea was taken in violation of Rule 11 or was the product of ineffective assistance of counsel, we concluded that there was no violation of Rule 11 and that the claim of ineffective assistance should be addressed in a motion under 28 U.S.C. § 2255. *Id*. at 216.

Silveira consequently filed a motion under 28 U.S.C. § 2255, seeking to set aside his conviction on the grounds that, due to ineffective assistance of counsel, his guilty plea

was not knowingly and voluntarily made. The district court denied the motion and denied a certificate of appealability. This court subsequently granted a certificate of appealability limited to the issue of "whether [Silveira's] guilty plea was not knowing and voluntary due to the ineffective assistance of counsel."

## II

A guilty plea is not knowingly and voluntarily made if it was the result of ineffective assistance of counsel under "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)); *see also Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). To establish ineffective assistance under that test here, Silveira had to show (1) that his counsel's advice to plead guilty was not "'within the range of competence demanded of attorneys in criminal cases,'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *id.* at 59.

In attacking his guilty plea, Silveira averred that his counsel had never "discussed with [him] the meaning or definition of the word 'proceeds,'" but had simply told him that "the funds [he] received from the gambler were tainted and that the transfer of those funds was money laundering." Silveira contends that this advice constituted ineffective assistance because, under a correct understanding of the elements of money laundering, the funds he received from a gambler who was paying a gambling debt did *not* constitute "proceeds" at the time Silveira received them. That is true, according to Silveira, "because the money did not originate from a separate underlying criminal offense and because

Silveira was the agent of the gambler who controlled the funds." Silveira further contends that, for similar reasons, he did not have the requisite knowledge that the funds were "proceeds." Reviewing de novo, *see United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003), we hold that the district court correctly rejected Silveira's ineffective-assistance-of-counsel claim. Even assuming *arguendo* that the substantive advice actually given by Silveira's counsel was deficient under *Strickland*, we nonetheless conclude that Silveira has failed to establish the requisite prejudice.

In pertinent part, the money laundering statute imposes criminal punishment on anyone who, "knowing that the property involved in a financial transaction represents the *proceeds* of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity" and does so "with the intent to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956(a)(1)(A)(i) (emphasis added). The statute defines "proceeds" to mean "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity." *Id*. § 1956(c)(9). Here, the charging information and the plea agreement confirmed that the "specified unlawful activity" underlying Silveira's § 1956 charges was the conduct of an illegal gambling business in violation of 18 U.S.C. § 1955(a). *See id*. § 1956(c)(7)(A) (generally including any "offense listed in section 1961(1)" within the definition of "specified unlawful activity" for purposes of § 1956); *id*. § 1961(1) (listing numerous provisions, including § 1955). Section 1955, in turn, defines an "illegal gambling business" to include any gambling business that is proscribed under state law and that meets certain other criteria not at issue

here. *Id*. § 1955(b)(1).[1]  California law, which applies to the underlying gambling activity in this case, imposes criminal punishment on anyone who, *inter alia*, "*receives*, holds, or forwards . . . any money, thing or consideration of value, . . . staked, pledged, bet or wagered, or to be staked, pledged, bet or wagered, or offered for the purpose of being staked, pledged, bet or wagered, upon the result, or purported result," of any "contest . . . of skill" or "any lot, chance, casualty, unknown or contingent event whatsoever."  *See* Cal. Pen. Code § 337a(a)(3) (emphasis added).

Because Silveira concedes that he received money that he knew to be in payment of a sports gambling debt, he "receive[d]" money that was to be paid over as funds "bet or wagered" on a "contest . . . of skill," and so he violated California Penal Code § 337a(a)(3) upon receiving that money.  And by knowingly receiving these funds as a "conduit" from the gambler for forwarding to the bookmaking operation, Silveira thereby "conduct[ed] . . . part of an illegal gambling business" in violation of 18 U.S.C. § 1955(a).  We have read the term "conducts" in § 1955 very broadly, stating that "[e]ach person, whatever his function, who plays an integral part in the maintenance of illegal gambling, conducts an 'illegal gambling business' and is included within the scope of § 1955," with the "sole exception" being "the player or bettor."  *United States v. Sacco*, 491 F.2d 995, 1003 (9th Cir. 1974) (en banc); *accord United States v. Jones*, 491 F.2d 1382, 1384 (9th Cir. 1974); *see also Sanabria v. United States*, 437 U.S. 54, 70 n.26 (1978) ("Numerous cases have recognized that 18 U.S.C.

---

[1] Specifically, the statute also requires that the gambling business involve a specified number of people and a specified level of activity. *See* 18 U.S.C. § 1955(b)(1)(ii)–(iii).  Silveira has not contested that these requirements were satisfied by the particular gambling operation in this case.

§ 1955 (1976 ed.) proscribes *any degree of participation* in an illegal gambling business, except participation as a mere bettor." (emphasis added)). Silveira contends that he falls within the exception for a mere bettor, because he was assertedly acting only as the agent of a bettor. We disagree. Where, as here, a person knowingly acts as a *financial intermediary* between the gambler and the bookmaker, he or she is not a mere bettor. On the contrary, such a person "plays an integral part in the maintenance of illegal gambling" and is therefore "included within the scope of § 1955." *Sacco*, 491 F.2d at 1003.[2]

Because Silveira violated § 1955(a) upon his unlawful receipt of the funds in question, they thereby became "property derived from or *obtained* or retained, directly or indirectly, through" a violation of § 1955(a), and they were therefore "proceeds." *Id.* § 1956(c)(9) (emphasis added). Thus, even assuming that Silveira is correct in contending that the funds were not unlawfully obtained *by the gambler* before they were paid over to Silveira, the funds are still "proceeds," under the plain language of the relevant statutes, once Silveira *received* them, knowing that they represented payment of a gambling debt. Given that the money wired to Silveira thus *did* constitute "proceeds," his subsequent

---

[2] Moreover, as we noted in upholding the adequacy of the factual basis for Silveira's guilty plea to a violation of the money laundering statute, Silveira admitted, as a *factual* matter, that he had "participated in the operation of an illegal gambling operation" and that he subsequently made the three bank transfers in question with "the intent to promote the carrying on of an illegal gambling operation." *Silveira*, 695 F. App'x at 216. In light of these admissions, Silveira is poorly positioned to now contend that he acted exclusively as the bettor's agent and that he did not "conduct" an illegal gambling business by receiving funds that were to be used to promote such a gambling operation.

transactions involving those proceeds constituted money laundering in violation of § 1956.

Accordingly, even if Silveira's lawyer conducted an inadequate legal analysis and failed to properly explain "proceeds" to Silveira, there is no prejudice under *Strickland* because Silveira has not shown that the lawyer thereby overlooked a *viable* defense to the charges. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989). As a result, there is no basis for finding a "reasonable probability" that, had Silveira been properly advised of the meaning of "proceeds," Silveira "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *cf. Lee*, 137 S. Ct. at 1967–69 (§ 2255 movant "adequately demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation"). Indeed, in the absence of an overlooked viable defense, Silveira would likely have faced a longer sentence had he proceeded to trial rather than accept the plea agreement. As the district court correctly noted, "[i]t simply is not plausible that facing these consequences, and considering the strength of the Government's case, Silveira would have decided to proceed to trial."

*          *          *

In view of the foregoing, the district court correctly denied Silveira's § 2255 motion.

**AFFIRMED**.