**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FEB 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10185 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00131-LEK-1 |
| v. | |
| AARON ANTHONY HOOD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawai'i
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 12, 2024
Honolulu, Hawai'i

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.

Aaron Hood (Hood) appeals his sentence after pleading guilty to one count

of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  We

have jurisdiction under 28 U.S.C. § 1291, and we dismiss his appeal.

The government argues that this appeal is barred by a valid appellate waiver

in Hood's plea agreement.  We review de novo whether a defendant has waived his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011).

We reject Hood's argument in his reply brief that the appellate waiver is unenforceable because his lawyer coerced him into pleading guilty, thus rendering his guilty plea involuntary. When Hood accepted the appellate waiver, he did not waive his right to challenge the enforceability of the waiver on the ground that it was involuntary. However, Hood did not contest the enforceability of the appellate waiver in his opening brief on appeal. *See United States v. Lo*, 839 F.3d 777, 787 n.3 (9th Cir. 2016) (holding a plea agreement's appellate waiver enforceable and rejecting the defendant's argument that the appellate waiver was invalid under Fed. R. Crim. P. 11 because the defendant failed to raise such an argument in his opening brief); *see also Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1167 (9th Cir. 1997) (declining "to address an argument raised for the first time in the reply brief"). In any event, the district court conducted an extensive Rule 11 colloquy, during which Hood stated that he was pleading guilty voluntarily and that no one had threatened, pressured, or forced him in any way to plead guilty. The colloquy also included an admonishment regarding the appellate waiver, "ensuring that the plea was knowing and voluntary." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013). Thus, Hood's argument that the appellate waiver is unenforceable is without merit.

The terms of the appellate waiver in Hood's plea agreement preclude Hood

from appealing the district court's decision not to hold an evidentiary hearing to further develop the record on Hood's claim that his counsel's ineffectiveness coerced him to plead guilty. *See Harris*, 628 F.3d at 1205–06. Accordingly, Hood's appeal must be dismissed pursuant to the valid waiver. *See id*. at 1207.

We decline to address Hood's contention that his lawyer provided ineffective assistance of counsel in connection with the plea. Hood "may raise such a claim in a collateral proceeding, where a complete record can be developed." *Brizan*, 709 F.3d at 867.

**DISMISSED.**