**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE DE JESUS GARCIA RODRIGUEZ,

Defendant - Appellant.

No. 24-1939

D.C. Nos.
4:19-cr-00614-PJH-1
4:22-cv-06506-PJH
Northern District of California,
Oakland

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California,
Phyllis Hamilton, District Judge, Presiding

Argued and Submitted January 8, 2026
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, Senior
District Judge.**

On October 24, 2022, Garcia Rodriguez moved to vacate his conviction under

28 U.S.C. § 2255, claiming ineffective assistance of counsel ("IAC") based on trial

counsel's alleged failure to advise Garcia Rodriguez of the "virtually certain"

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kiyo A. Matsumoto, United States Senior District Judge
for the Eastern District of New York, sitting by designation.

deportation consequences of his guilty plea prior to his plea.[1]  Garcia Rodriguez alleged that, had counsel done so, he would have proceeded to trial.  After the district court denied the § 2255 motion, Garcia Rodriguez timely appealed. We granted a certificate of appealability on the issue of IAC and we appointed counsel for Garcia Rodriguez.  We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d), and we affirm.

We review the district court's denial of a 28 U.S.C. § 2255 motion *de novo*, *United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022), and the district court's underlying factual findings for clear error, *United States v. Seng Chen Yong,* 926 F.3d 582, 589 (9th Cir. 2019).  We may affirm "on any ground supported by the record." *Johnson v. United States*, 139 F.4th 830, 836 (9th Cir. 2025).

To prevail on his IAC claim, Garcia Rodriguez must show that trial counsel's representation "fell below an objective standard of reasonableness," and that Garcia Rodriguez suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984).  Because Garcia Rodriguez's IAC claim fails based on "lack of sufficient prejudice," we assume without deciding that counsel's performance was constitutionally inadequate.  *See id.* at 697 ("If it is easier to dispose of an

---

[1] Garcia Rodriguez's *pro se* § 2255 motion requested that his sentence be reduced to 30 months in prison.  In his counseled appeal, however, Garcia Rodriguez clarified that he seeks vacatur of his conviction.

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Garcia Rodriguez has not demonstrated sufficient prejudice. To demonstrate prejudice, Garcia Rodriguez must show that "but for counsel's errors," Garcia Rodriguez "would either have gone to trial or received a better plea bargain." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quoting *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004)). Because Garcia Rodriguez "has not argued that he would have received a better plea deal," prejudice "rests on whether [Garcia Rodriguez] would have gone to trial had he received better advice regarding the immigration consequences of his plea." *Rodriguez*, 49 F.4th at 1214. We will "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017). We look instead "to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

To assess whether a defendant "would have gone to trial," we weigh:

(1) how likely the defendant would be to prevail at trial; (2) the defendant's relative connections to the United States and to his country of citizenship; (3) the relative consequences of the defendant's guilty plea compared to a guilty verdict at trial; and most importantly; (4) any evidence of how important immigration consequences were to the defendant at the time he pleaded guilty.

*Rodriguez*, 49 F.4th at 1214 (citing *Lee*, 582 U.S. at 367–71). None of these factors weigh in favor of Garcia Rodriguez, and thus he has not demonstrated prejudice.

3

The likelihood of prevailing at trial favors the Government. Garcia Rodriguez has not identified a viable trial defense and concedes that this factor likely weighs against him. Garcia Rodriguez's vague assertion that a defense may have been available is insufficient, especially where, as here, the Government has a particularly strong case. *See United States v. Silveira*, 997 F.3d 911, 916 (9th Cir. 2021).

The second factor is neutral because Garcia Rodriguez had strong connections to both the United States and Mexico. At the time of his plea, Garcia Rodriguez had lived in the United States for almost two-thirds of his life, was a legal permanent resident, and had parents and five siblings residing in the United States. Garcia Rodriguez's three children, however, all lived in Mexico with their mothers, and before his incarceration, Garcia Rodriguez visited them twice or thrice annually. Thus, this factor does not weigh in favor of either party. *See Rodriguez*, 49 F.4th at 1214–15.

The third factor weighs in favor of the Government. By pleading guilty to one count of distribution of methamphetamine, Garcia Rodriguez significantly reduced his sentencing exposure. Garcia Rodriguez also received the Government's guarantee that it would recommend a guidelines sentence of eighty-seven months. Had Garcia Rodriguez elected to proceed to trial on the three charged counts, the Government could have superseded "with multiple counts of distribution of 50 or more grams of methamphetamine . . . in violation of § 841(b)(1)(A)(viii), each of

4

which would have carried a mandatory minimum sentence of ten years." By pleading guilty, Garcia Rodriguez also avoided any additional charges arising from his continued drug dealing while on pretrial supervision. Because Garcia Rodriguez's plea provided a reduction in criminal liability and sentencing exposure compared to what he would have faced in proceeding to trial, this factor weighs against him. *See Rodriguez*, 49 F.4th at 1215.

The last factor likewise favors the Government. The declarations of trial counsel and Garcia Rodriguez show that immigration consequences were discussed in the context of Garcia Rodriguez's plea. There is, however, no contemporaneous evidence that immigration consequences ranked paramount for Garcia Rodriguez. And his "*post hoc* assertions," *Lee*, 582 U.S. at 369, are insufficient to shift this factor in his favor.

In sum, Garcia Rodriguez has failed to show prejudice. *See Rodriguez*, 49 F.4th at 1214–16. Thus, even assuming without deciding that counsel's performance fell below an objective standard of reasonableness, Garcia Rodriguez is not entitled to relief under § 2255. *See Strickland*, 466 U.S. at 699–700.[2]

**AFFIRMED**.

---

[2] We do not address whether the district court abused its discretion in declining to hold an evidentiary hearing. Even accepted as true, Garcia Rodriguez's assertions fail to demonstrate prejudice for the foregoing reasons. *See Rodriguez*, 49 F.4th at 1214–16; *see also Rodriguez-Vega*, 797 F.3d at 791–92.